IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMG MUSIC, et al., | No. C-08-3148 EDL |
| Plaintiffs, | **REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| VANESSA MARIE CLAYTON, | |
| Defendant. | |

Plaintiffs BMG Music, Interscope Records, Arista Records LLC, UMB Recordings, Inc., Sony BMG Music Entertainment, and LaFace Records LLC filed this action against Defendant Vanessa Marie Clayton for copyright infringement, which was assigned to this Court. The Clerk of this Court entered default against Defendant on March 4, 2009, and Plaintiffs filed a motion for default judgment on April 23, 2009. The motion was set for hearing in this Court on June 16, 2009. On June 15, 2009, Plaintiffs filed a declination to proceed before a magistrate judge, and this matter was reassigned to Judge White. On June 19, 2009, Judge White referred Plaintiffs' motion to this Court for a Report and Recommendation. The motion came on for hearing on August 4, 2009. Attorney Thomas Kerr appeared for Plaintiffs. Defendant did not file an opposition to the motion or appear at the hearing. Defendant's father, Val Clayton, appeared at the hearing. Having considered Plaintiffs' motion, accompanying declarations, and all other evidence in the record, the Court recommends that Plaintiffs' motion be denied without prejudice because of the issue of service.

**Background**

On July 1, 2008, Plaintiffs filed a complaint against Vanessa Clayton for copyright infringement. In their complaint, Plaintiffs allege that they are copyright owners or licensees of

1  exclusive rights under United States copyright law with respect to nine copyrighted sound
2  recordings. Compl. ¶ 12; Ex. A. Among the exclusive rights granted to each Plaintiff under the
3  Copyright Act are the exclusive rights to reproduce the copyrighted recordings to the public.
4  Compl. ¶ 13. According to Plaintiffs, Defendant violated these rights by using and continuing to
5  use, without the consent or permission of Plaintiffs, an online media distribution system to download
6  the copyrighted recordings, to distribute them to the public, and/or to make them available for
7  distribution by others. Compl. ¶ 16.
8  Specifically, on March 11, 2007, Plaintiffs' investigator detected an individual using the
9  LimeWire online media distribution system over a peer-to-peer file sharing network. Declaration of
10 Thomas Kerr ¶ 3. The individual had 414 music files on her computer and was distributing them to
11 others. Id. Plaintiffs determined that their copyrighted music files were among the music files being
12 distributed by the individual. Id. at ¶ 5. Through investigation into the Internet Protocol address of
13 the individual distributing the copyrighted recordings, Plaintiffs determined that the copyright
14 infringer used an Internet connection provided by Northern Arizona State University ("NASU") to
15 connect to LimeWire, and that Defendant was the copyright infringer. Id. at ¶¶ 6-7.

16 **Discussion**

17 Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter judgment against a
18 defendant against whom a default has been entered. "The general rule of law is that upon default the
19 factual allegations of the complaint, except those relating to the amount of damages, will be taken as
20 true." Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United
21 States, 323 U.S. 1, 12 (1944)). In exercising its discretion to grant default judgment, the court may
22 consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of
23 plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in
24 the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due
25 to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure
26 favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).
27 Because there is a question as to whether Defendant has been served with the summons and
28 complaint in this matter, the Court recommends that Plaintiffs' motion for default judgment be

2

1 denied.

2 Federal Rule of Civil Procedure 4(e)(1) provides that Plaintiffs may serve an individual by 3 following the procedures of the state where the relevant district court is located. In California, 4 plaintiffs may serve an individual in person or by using alternate methods. See Cal. Civ. Proc. Code 5 §§ 415.10-415.50 (West 2004). Service by mail is permitted even where personal service may be 6 possible, so long as certain supplementary materials are included. See id. at § 415.30 (requiring two 7 copies of the summons and complaint, as well as a separate notice form).

8 Substitute service on a third party at the defendant's home, business, or "usual mailing 9 address" is permitted, but only after a plaintiff's "reasonabl[y] diligen[t]" efforts at personally 10 serving the defendant have proved fruitless. See Cal. Civ. Proc. Code § 415.20(b). "Ordinarily, . . . 11 two or three attempts at personal service at a proper place should fully satisfy the requirement of 12 reasonable diligence and allow substituted service to be made." Bein v. Brechtel-Jochim Group, 13 Inc., 6 Cal. App. 4th 1387, 1393 (4th. Dist. 1992) (internal quotation marks omitted). Substitute 14 service can be made by "leaving" copies of the papers at the individual's "usual mailing address 15 other than a United States Postal Service post office box." Cal. Civ. Proc. Code § 415.20(b). The 16 papers must be left "in the presence of a competent member of the household," and separate copies 17 must then be mailed to the same address. Id. This method of substitute service is deemed complete 18 ten days after the copies have been mailed. Id.

19 California law also permits service by publication "if upon affidavit it appears to the 20 satisfaction of the court in which the action is pending that the party to be served cannot with 21 reasonable diligence be served in another manner . . . ." Cal. Civ. Proc. Code § 415.50(a). Service 22 by publication is constitutionally impermissible when a plaintiff knows a party's whereabouts and 23 thus could effect service by means such as mail or personal service. Mennonite Board of Missions 24 v. Adams, 462 U.S. 791, 795 (1983). Service by publication must be "utilized only as a last resort." 25 Watts v. Crawford, 10 Cal. 4th 743, 749, fn. 5 (1995).

26 Here, before filing suit, Plaintiffs attempted to contact Defendant by mailing a letter to a 27 campus address provided by NASU. Kerr Decl. at ¶ 8. The postal service returned this letter 28 stamped "attempted, not known." Id. at ¶ 8; Ex. 3. Following receipt of the returned letter,

3

Plaintiffs' settlement representatives spoke to Defendant by telephone. Id. at ¶ 9. Among other things, Defendant told the representative that she no longer lived in Arizona or attended NASU. Plaintiffs' representatives had no further conversations with Defendant. Id. at ¶ 10.

Plaintiffs conducted an investigation to determine Defendant's proper address for service of this action. Kerr Decl. at ¶¶ 11-14. On the basis of this investigation, Plaintiffs determined that Defendant's current mailing address was 312 6th Street in Petaluma, California. Id. Plaintiffs directed the process server to serve Defendant at the address in question, even if the residents denied that Defendant lived or received mail there. Kerr Decl. at ¶ 15.

After eight unsuccessful attempts, the process server stated that he completed substitute service at the residence on December 1, 2008, by leaving the documents with a male aged 45-55 and mailing copies of the documents to Defendant at 312 6th Street on December 3, 2008. Id. at ¶ 15. Subsequently, Val Clayton, a resident at 312 6th Street, who attended the hearing and acknowledged being Defendant's father, sent a letter to this Court stating that Defendant did not reside at 312 6th Street and that he had not accepted, and would not accept, service on behalf of Defendant. Id. at ¶ 16; Ex. 9. The United States Postal Service confirmed that the address in question was Defendant's mailing address and that it listed no more recent mailing address for her. Id.; Ex. 6.

On March 4, 2009, Plaintiffs sent Defendant a letter at 312 6th Street notifying her of the Clerk's entry of default. Kerr Decl. at ¶¶ 18-19; Ex. 11. On March 12, 2009, Plaintiffs' counsel received another letter from Val Clayton, a copy of which was sent to this Court, claiming that substitute service had not been "accepted" and stating that Defendant did not reside at the address in question. Id. at ¶ 20; Ex. 12. On June 2, 2009, this Court received a copy of a third letter explaining that 312 6th Street is not Defendant's mailing address.

Plaintiffs' eight failed attempts to serve Defendant in person at 312 6th Street satisfied the reasonable diligence requirement of section 415.20(b) and warranted Plaintiffs' attempt at substitute service. See Bein, 6 Cal. App. 4th at 1393 ("two or three" attempts are sufficient). Plaintiffs' counsel states that Defendant received substitute service at her regular mailing address pursuant to section 415.20(b). See Kerr Decl. at ¶¶ 22-23. While Val Clayton, who resides at 312 6th Street, claims that Defendant neither resides nor receives mail there, Plaintiff has shown it is her most

4

current address. It appears that Defendant may be attempting to evade service and may know of the lawsuit through her father. At the same time, Val Clayton disputes that he accepted service for her at that address. Due process concerns require courts to ensure that every effort has been made to give defendants actual notice prior to entering default judgments against them. See generally Mennonite Board of Missions, 462 U.S. at 795; Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Because there is a dispute as to whether substitute service was effected, the Court cannot be certain that Defendant had notice of this lawsuit, or that sufficient efforts have been made as of yet to give her notice. The Court notes that Plaintiffs' investigation has revealed other addresses for Defendant, although it is not clear that they are valid and thus service may not need to be attempted there.

**Conclusion**

The Court recommends that Plaintiffs' motion for default judgment be denied without prejudice. At the same time, Plaintiff has gone to considerable effort to serve Defendant, and either already has or is very close to having exercised sufficient diligence to justify service by publication. Any party may serve and file specific written objections to this recommendation within ten (10) business days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3 . Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: August 6, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

5